IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHAEL DAVID CARDOZE, ) <br> individually, and d/b/a MIKE'S BAR ) <br> & GRILL, ) <br> ) <br> Defendant. ) | Case No. 09-4944 SC <br><br> ORDER GRANTING APPLICATION <br> FOR DEFAULT JUDGMENT |

## I.  INTRODUCTION

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") seeks entry of Default Judgment against Defendant Michael David Cardoze ("Cardoze"), individually, and doing business as Mike's Bar & Grill ("Defendant").  ECF No. 18 ("Appl. for Default J.").  Having considered the papers submitted, the Court concludes that entry of Default Judgment is appropriate and GRANTS Plaintiff's Application.

## II.  BACKGROUND

The following allegations are taken from Plaintiff's Complaint.  Plaintiff is a California corporation with its principal place of business in Campbell, California.  ECF No. 1 ("Compl.") ¶ 6.  Defendant is the owner and operator of Mike's Bar & Grill in Hayward, California.  Id. ¶ 7.  Plaintiff was granted

the exclusive nationwide television rights to "'Unstoppable': Kelly Pavlik v. Bernard Hopkins, Light Heavyweight Championship Fight Program," an October 18, 2008 closed-circuit telecast of boxing matches and commentary ("the program"). Id. ¶ 9. Plaintiff entered into sublicensing agreements that gave commercial establishments in the hospitality industry the right to publicly exhibit the program. Id. ¶ 10.

Plaintiff alleges that Defendant unlawfully intercepted and exhibited the program at the time of its transmission at Mike's Bar & Grill. Id. ¶ 12. Plaintiff brings this action alleging violations of 47 U.S.C. §§ 605 and 553, conversion, and violation of California Business and Professions Code §§ 17200 et seq. Id. ¶¶ 8-36. Plaintiff seeks statutory damages under 47 U.S.C. §§ 605(e)(3)(B)(iii) and (c)(ii) and compensatory damages under state common law conversion. See ECF No. 18-5 ("Proposed Order").[1]

### III. LEGAL STANDARD

After entry of a default, the Court may enter a default judgment. Fed. R. Civ. P. 55(b)(2). Its decision whether to do so, while "discretionary," Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980), is guided by several factors. As a preliminary matter, the Court must "assess the adequacy of the service of process on the party against whom default is requested." Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters, No. 00-0395, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).

---

[1] Plaintiff's default judgment papers make no claim for relief under California Business and Professions Code §§ 17200 et seq. As such, the Court considers Plaintiff to have abandoned that claim.

2

If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.  Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).  "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977).

## IV. DISCUSSION

### A. Service of Process

Federal Rule of Civil Procedure 4(e)(1) provides that an individual may be served by following state law in the state where the district court is located or where service is made.  California law provides that, in lieu of personal service,

> a summons may be served by leaving a copy of the summons and complaint at the person's . . . usual place of business . . . in the presence of . . . a person apparently in charge . . . at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint . . . to the person to be served at the place where a copy of the summons and complaint were left.

Cal. Code Civ. Proc. § 415.20(b).  This method of service on a natural person is available only after the exercise of "reasonable diligence" proves ineffective in accomplishing service by personal

3

delivery. See id.

Here, after two attempts to serve Cardoze at Mike's Bar & Grill, service was left with "Melissa Doe," the person in charge at the establishment on November 30, 2009.[2]  ECF No. 8 ("Proof of Service"). The process server estimates that she was twenty-four years old. Id. She was instructed to deliver the documents to Defendant. Id. On December 1, 2009, copies of the summons, complaint and other relevant documents were mailed to Defendant at his establishment. Id. Furthermore, a document filed by Defendant's attorney labeled "Reply to Plaintiff's Request for Entry of Judgment," ECF No. 16, indicates the Defendant had notice of this lawsuit.[3] Accordingly, the Court finds that service of process was adequate.

**B.   Default Judgment**

The Eitel factors favor default judgment. Without default judgment, Plaintiff will be prejudiced because Plaintiff will not be able to recover its costs for purchase of the exclusive distribution rights to the program. Other than filing one document, which the Court has stricken from the record, Defendant has failed to defend this lawsuit, despite encouragement by the Court to file a motion to set aside the Clerk's entry of default. See Order Granting Mot. to Strike. Thus, Defendant has made no showing of excusable neglect.

---

[2] Melissa Doe refused to provide her last name.

[3] The Court granted Plaintiff's motion to strike this document, which was simultaneously filed in a number of different lawsuits by Plaintiff against Defendant. ECF No. 17 ("Order Granting Mot. to Strike"). In its order, the Court encouraged Defendant to file a motion to set aside the Clerk's entry of default, which Defendant has not done.

Accepting as true the allegation that Mike's Bar & Grill intercepted and exhibited the program on October 18, 2008 without a license to do so, Plaintiff has stated a claim under either § 605 or § 553 of title 47 of the United States Code. Section 605 prohibits the unauthorized interception of radio or satellite communications, and § 553 prohibits the unauthorized interception of cable signals. See, e.g., Cal. Satellite Sys. v. Seimon, 767 F.2d 1364, 1366 (9th Cir. 1985); J&J Sports Prods., Inc. v. Manzano, No. 08-1872, 2008 WL 4542962 at *2 (N.D. Cal. Sept. 29, 2008) ("A signal pirate violates section 553 if he intercepts a cable signal, he violates section 605 if he intercepts a satellite broadcast.").

Plaintiff's conversion claim has merit. In California, a claim for conversion has three elements: "ownership or right to possession of property, wrongful disposition of the property right and damages." G.S. Rassmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc., 958 F.2d 896, 906 (9th Cir. 1992). Here, Plaintiff purchased the licensing rights to the program. Compl. ¶ 9; ECF No. 19 ("Pl.'s Aff.") ¶ 3. Mike's Bar & Grill exhibited the program without a license to do so. Compl. ¶¶ 10-12. The Court therefore finds that Plaintiff's substantive claims have merit and the Complaint is sufficient.

Courts are less inclined to enter default judgment if there is a large sum of money at stake. See Eitel, 782 F.2d at 1472 (denying default judgment where plaintiff sought almost three million dollars). Here, Plaintiff seeks damages of $111,800. See Proposed Order. As explained below, the Court will be awarding Plaintiff considerably less than this amount. See Part C, infra.

Hence, this factor does not weigh against entry of default judgment.

Finally, although federal policy favors a decision on the merits, Rule 55(b) allows entry of default judgment in situations such as this, where Defendant has refused to litigate. Overall, the Eitel factors favor entry of default judgment.

### C.  Remedies

#### 1.  Damages under 47 U.S.C. § 605

Plaintiff seeks the maximum statutory damages of $110,000 based on a willful violation of § 605. App. for Default J. ¶ 5. Under this statute, an aggrieved party "may recover an award of statutory damages for each violation . . . in a sum of not less than $1,000 or more than $10,000, as the court considers just." 47 U.S.C. § 605(e)(3)(C)(i)(II). If the "court finds that the violation was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain, the court in its discretion may increase the award of damages . . . by an amount of not more than $100,000 for each violation . . . ." Id. § 605(e)(3)(C)(ii).

Plaintiff moves for damages under § 605, the statutory provision that applies to intercepted satellite signals. See Proposed Order. Plaintiff contends that it cannot determine the precise means the Defendant used to receive the program unlawfully because Defendant has failed to respond to the Complaint. ECF No. 18-1 ("Mem. of P. & A.") at 3. Plaintiff's investigator, Gary Gravelyn, declares that while he was at the establishment on October 18, 2008, a cable box was not visible, but the establishment had a satellite dish. ECF No. 18-3 ("Decl. of

1 Affiant").  In two previous cases involving the same parties,
2 courts in this district have awarded Plaintiff damages under either
3 § 605 or § 553, but not both.  Compare J&J Sports Prods., Inc. v.
4 Cardoze, No. 09-4204, Order Granting Default Judgment (N.D. Cal.
5 Mar. 19, 2010) (granting default judgment and awarding statutory
6 damages of $1000 under § 605) ("Cardoze I") with J&J Sports Prods.,
7 Inc. v. Cardoze, No. 09-5683, 2010 WL 2757106, at *3 (N.D. Cal.
8 July 9, 2010) (granting default judgment and awarding statutory
9 damages of $1000 under § 553) ("Cardoze II").
10      Based on the declaration of Plaintiff's investigator,
11 Plaintiff's refusal to litigate, and the fact that Plaintiff
12 requests damages under § 605 only, the Court finds it appropriate
13 to award damages under this statute, rather than under § 553.  In a
14 case containing similar allegations against the same defendant,
15 Judge Ware awarded Plaintiff $1000 in statutory damages under § 605
16 and no enhanced damages.  See Cardoze I.  At the time of the boxing
17 match at issue in that case, there were eight patrons in the bar,
18 there was no cover charge, and there was no increase in the price
19 of food or beverages to profit from patrons viewing the fight.  Id.
20      Similarly, here, at the time of the program, there were eleven
21 patrons in the bar, there was no cover charge, and there is nothing
22 to indicate there was any increase in the price of food or
23 beverages.  See Decl. of Affiant.  Nonetheless, this Court may
24 grant enhanced damages if there is evidence that Defendant is a
25 repeat offender.  Kingvision Pay-Per-View, Ltd. v. Backman, 102 F.
26 Supp. 2d 1196, 1198-99.  Two courts in this district have already
27 entered default judgments against Defendant based on similar
28 allegations.  See Cardoze I; Cardoze II.  In general, district

7

courts have "wide discretion in determining the amount of statutory damages to be awarded." Harris v. Emus Records Corp., 734 F.2d 1329, 1335 (9th Cir. 1984). Accordingly, the Court awards Plaintiff $1000 in statutory damages, and the Court enhances the award by $1000.

### 2. Conversion

Plaintiff seeks $1800 in conversion damages. Mem. of P.& A. at 15. Plaintiff purchased the licensing rights to the program. Pl.'s Aff. ¶ 3. Defendant's venue had a capacity of approximately two hundred people. Decl. of Affiant. The rate to license the program for a venue of this capacity was $1800. Pl.'s Aff. Ex. 1. Accordingly, the Court awards Plaintiff $1800 in conversion damages.

### 3. Attorney Fees and Costs

Under § 605, the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Plaintiff has not provided any information concerning attorney fees or costs. Thus, although mandatory, the Court cannot award fees and costs at this time.

## V. CONCLUSION

The Court GRANTS the Application for Default Judgment filed by Plaintiff J & J Sports Productions, Inc. The Court awards Plaintiff $2000 in statutory and enhanced damages under 47 U.S.C. § 605 and $1800 in compensatory damages for conversion.

The Court ORDERS Plaintiff to send, by certified mail, a copy of this Order to Mike's Bar & Grill and to Defendant's attorney,

Steve Allan Whitworth, at 28 Boardman Place, San Francisco, California 94103.  Plaintiff must file a proof of service within five (5) days of this Order.

Within ten (10) days of this Order, Plaintiff shall file a declaration accounting for its attorney fees and costs.  Attorney billing records and copies of cost receipts should be attached to the declaration as exhibits.  After consideration of this declaration, the Court will enter judgment in the appropriate amount in favor of Plaintiff and against Defendant.  Failure to timely file this declaration will result in a waiver of the request for fees and costs.

IT IS SO ORDERED.

Dated:   September 16, 2010        
                                   UNITED STATES DISTRICT JUDGE